■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BERNAL, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J., at *Wade* hearing and trial), rendered November 17, 1987, which convicted defendant, after a jury trial, of two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree and sentenced him, as a predicate violent felon, to two concurrent terms of 25 years to life in prison on the murder conviction to run concurrently with a term of 7½ to 15 years on the weapon's possession conviction, unanimously affirmed.

Defendant and an accomplice entered a candy store/newsstand at 216 Eighth Avenue in Manhattan. After forcing Raphael Pagan, a truck driver who was minding the store for the owner, to the back of the store where a numbers betting operation was conducted, defendant shot and killed Abel Battista, the proprietor of the betting operation. Battista, who had attempted to take cover in the bathroom at the rear of the store, fired a shot out of the bathroom when defendant forced Pagan to open the bathroom door. Defendant fired into the bathroom, hitting Battista in the middle of his forehead. Pagan was shot by defendant's accomplice who was guarding the door. Raphael Pagan's teen-age son, Richard, was also present and witnessed some of the events.

The defendant had no absolute right to call eyewitness Richard Pagan to testify at the *Wade* hearing. *(People v Chipp*, 75 NY2d 327, 337.)* In any event, the hearing court provided

defense counsel with the opportunity to raise the *Wade* issue again, prior to Richard Pagan's trial testimony. Counsel's failure to do so operated as a waiver of the objection raised at the *Wade* hearing. *(People v Jones,* 112 AD2d 952, 953.)

The court properly denied admission of a prior inconsistent statement made by Richard Pagan since defense counsel failed to establish the foundation necessary for the admission of such evidence. *(People v Duncan,* 46 NY2d 74, 80-81.) Counsel asked the witness he sought to impeach only general questions as to whether he spoke with a Spanish police officer in uniform, and neglected to ask the witness the required specific questions as to the substance of the prior statement. *(People v Duncan, supra,* at 81.)

The other issues raised by defendant have been reviewed and determined to be without merit. Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.