■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIEZER CINTRON, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered May 1, 1989, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, three counts of unlawful imprisonment in the first degree, two counts of endangering the welfare of a child, one count of assault in the third degree and four counts of criminal possession of a weapon in the fourth degree, and sentencing him to concurrent indeterminate terms of from 15 years to life on the possession count, 1 to 4 years on the unlawful imprisonment counts and definite 1 year terms on the remaining counts, unanimously affirmed.

Defendant's guilt of criminal possession of a controlled substance in the first degree was proven beyond a reasonable doubt, given evidence at trial that defendant possessed the drugs and placed them on a kitchen table in the apartment in which he lived, and over which he exercised dominion and control. *(People v Robertson,* 48 NY2d 993.)

The Court properly precluded defense counsel from taking the witness stand and withdrawing as trial counsel. On direct examination, the complaining witness acknowledged that she had given a prior inconsistent statement during a taped interview at defense counsel's office. She explained the inconsistency as the result of conversations with defendant, whom

she married while in jail prior to trial, in an effort to assist him. On cross-examination, counsel pressed the witness by repeatedly asking whether he had encouraged her to lie before the taped interview. Finally, she admitted that counsel had encouraged her to lie. The record shows that it was counsel himself who injected his integrity into the proceedings. It is well established that a party may not call witnesses to contradict a witness' answer concerning collateral matters solely for the purpose of impeaching that witness' credibility *(People v Pavao,* 59 NY2d 282, 288-289). The complaining witness' motive to fabricate during the taped interview was a collateral matter, with no independent relevance and no bearing upon any material aspect of her direct testimony. *(See, People v Johnson,* 114 AD2d 210.) Under these circumstances, defendant's reliance upon DR 5-102 (A) of the Code of Professional Responsibility is misplaced since there was no obligation that counsel *must* testify on behalf of defendant. *(People v Paperno,* 54 NY2d 294, 300.)

We reject defendant's claim that he was denied a fair trial because of testimony elicited from the complaining witness that he had been involved in prior drug sales. Given the overwhelming evidence of his guilt, any such error was harmless. The record belies defendant's claim that counsel was improperly precluded from adequate cross-examination of the People's witnesses. Last, defendant did not preserve for review challenges to the prosecutor's summation. Concur—Carro, J. P., Milonas, Wallach and Kupferman, JJ.