■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALED LATEF, Appellant.—Judgment, Supreme Court, New

York County (Alvin Schlesinger, J.), rendered July 6, 1989, convicting defendant after a nonjury trial of robbery in the second degree and sentencing him as a predicate violent felony offender to an indeterminate prison term of from 5½ to 11 years, unanimously affirmed.

Defendant stands convicted of robbing complainant of a sum of money shortly after the victim had cashed his welfare check and was about to enter the hotel where he resided. Defendant was apprehended two blocks away, still in possession of the victim's money. After his arrest, defendant gave various inculpatory accounts of his involvement in the robbery. Although the People gave notice of their intent to use the statements at trial, they subsequently withdrew the notice, intending to use the statements only for impeachment purposes. Ultimately, the statements were introduced at trial on the People's rebuttal case, through the testimony of a police officer in whose presence the statements were made.

Defendant's sole contention on appeal is that the court erred in allowing the arresting officer to testify, over objection, about defendant's post-arrest statements without the prosecutor first establishing a proper foundation for its introduction. While it is well established that a witness may not be impeached with a prior inconsistent statement without first being presented with the opportunity to deny or explain it (People v Washington, 51 NY2d 214, 221; People v Bernal, 162 AD2d 362, lv denied 76 NY2d 984), any error here was harmless. Defendant was, of course, afforded the opportunity to retake the stand and deny or clarify the circumstances or substance of the statements. Because this was a nonjury trial, no prejudice was likely to result from this departure from the proper procedure. Nor can defendant claim prejudice by the element of surprise since he was well aware of the nature of the impeachment material. In any case, the evidence at trial conclusively established defendant's identity as one of the robbers, and this error can hardly have contributed to the court's verdict (People v Whitney, 167 AD2d 254, lv denied 77 NY2d 912).

Defendant's additional arguments, that the court, in admitting the statements without proper foundation, must have predetermined that the statements were actually made, and must have used the statements as evidence-in-chief, were never raised below and are therefore unpreserved for review (CPL 470.05 [2]; People v Qualls, 55 NY2d 733). In any event, they are based on sheer speculation and are unsupported by

the record. Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.