THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BAILEY, Appellant.

On appeal, the defendant contends that the police officer's testimony at the *Mapp* hearing was totally incredible and therefore, the hearing court erred in relying upon this testimony to deny that branch of the defendant's omnibus motion which was to suppress physical evidence. It is well settled that " '[i]ssues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous' " *(People v Matias,* 137 AD2d 625, 626, quoting *People v Armstead,* 98 AD2d 726). We perceive no reason to overturn the determination of the hearing court.

The defendant also contends that he was denied his constitutional right to present relevant evidence at the *Mapp* hearing when the court refused to allow him to call two other arresting officers as witnesses. Given that the right to call witnesses at a criminal proceeding is not absolute *(see, People v Chipp,* 75 NY2d 327, 336-337, *cert denied* — US —, 111 S Ct 99), and that the defendant's request for the production of the other two arresting officers was not supported by a "bona fide factual predicate" *(People v Witherspoon,* 66 NY2d 973, 974) demonstrating that such officers possessed material, noncumulative evidence, we find that the hearing court did not improvidently exercise its discretion in denying the defendant's request to call additional witnesses at the suppression hearing *(see, People v Hucks,* 175 AD2d 213).

The defendant also contends that his sentence was excessive. Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816, 817). Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.