■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANETTE WILSON, Also Known as SONYA ROBINSON, Appellant. —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered May 28, 1991, convicting defendant, after jury trial, of robbery in the first degree, and sentencing her, as

a predicate felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant did not object to the presentation of the complainant's testimony through an interpreter, nor take exception to the interpreter's qualifications or performance, and thus did not preserve any claim of error for appellate review as a matter of law (CPL 470.05). In any event, the trial court appropriately exercised its discretion in permitting the complainant, an Ethiopian whose native language was Tigrigna and whose English was demonstrably limited, to testify through an interpreter noted on the record to be an "official court interpreter", thereby encouraging clarity in development of the proof *(People v Moulton,* 43 NY2d 944, 945). Additionally, defendant's claim on appeal that the complainant's testimony as presented through the official interpreter, was so inadequate as to deprive her of her right to confrontation, is belied by the record, and by the defendant's and the People's submissions on appeal, all of which indicate that the disparate versions of the conceded encounter between the complainant and the defendant were made clear to all concerned, through both direct and cross-examination *(see, People v Reddish,* 156 AD2d 195, 196, *lv denied* 75 NY2d 923).

Defendant also failed to object to the trial court's response to the jury's request for readback of testimony regarding defendant's post-arrest statement to the police, and thus failed to preserve any claim of error for appellate review as a matter of law (CPL 470.05). In any event, the trial court properly requested clarification of the jury's ambiguous request to hear a particular post-arrest statement made by defendant, as specifically testified to by two police witnesses, and as acknowledged by defendant *(People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847). Although defendant claims on appeal that the jury's request was not complied with before the verdict was announced, the record indicates specifically that "the requested testimony was read back". As the jury deliberated further and made no additional requests, defendant has failed to show that she was prejudiced by the trial court's responses to the jury's questions *(supra).*

We have considered defendant's additional claims of error and find them to be either unpreserved or without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.