THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY JONES, Appellant.

First Department, April 29, 1993

APPEARANCES OF COUNSEL

*Arlene Villamia Drimal* for appellant.

*L. Stephan Zander* of counsel *(Allen H. Saperstein* with him on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for respondent.

### OPINION OF THE COURT

KASSAL, J.

The impeachment of defendant, by use of his attorney's affirmation based upon various sources of information, and which could, in any event, be reconciled with defendant's testimony, was error requiring reversal and a new trial.

By indictment No. 2830/90, filed April 17, 1990, defendant was charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fifth degree. The charges stemmed from a March 29, 1990 sale of two vials of crack cocaine to an undercover police officer, in exchange for prerecorded "buy money" in the amount of $10.

At trial, the undercover officer described how he approached defendant at approximately 6:30 P.M. on March 29, 1990, after hearing him calling out to passers-by, "I got blue caps. I got blue caps". Upon ascertaining that defendant was "working", the officer requested two vials and handed defendant the prerecorded $10. The officer then returned to his unmarked vehicle and radioed his field team, giving them defendant's description, and informing them that the crack buy had been

completed. Defendant was arrested by the backup officers, and identified by the undercover officer in a drive-by confirmatory identification procedure conducted shortly thereafter.

Testifying in his own behalf, defendant stated that he had been arrested at approximately 6:30 P.M. on March 29, 1990, as he was about to use a public telephone on the corner of 183rd Street and Morris Avenue. At that time, a man approached and grabbed him, defendant testified, causing him to panic and struggle until the man identified himself as a police officer. Defendant further testified that he was then brought into the lobby of a building at 2265 Morris Avenue, and thereafter placed in a van which drove around and picked up three other men.

On appeal, defendant argues, *inter alia*, that he was denied a fair trial when the prosecutor was permitted to utilize an affirmation drafted by his attorney to impeach him during cross-examination. In pertinent part, the affirmation read as follows:

"I am * * * attorney of record for the defendant * * * and I make this affirmation on information and belief in support of the defendant's Omnibus motion. The source of affiant's information and belief are the court records, the prior proceeding had herein, the records in my office and conversations with the defendant and assistant district attorneys * * *

"The defendant was in the vicinity of 2265 Morris Avenue on March 29, 1990 when Police Officer arrived at that location and stopped a number of individual theys *[sic]* brought the group into the buinding *[sic]* and started to interigate *[sic]* the defendant and others and to search each individually. Police Officer * * * alleges contraband was in the defendant's possession at that time. Others were released."

The use of this affirmation to impeach defendant was error requiring reversal.

First, although counsel was acting on behalf of defendant in filing the motion and its supporting papers, he specifically stated that his information had been gathered from various sources, including court records, a "prior proceeding" in the case, "records in [his] office", and conversations with prosecutors. Thus, none of the specific events described in the suppression motion could fairly be characterized as either an "admission" or a prior inconsistent statement by defendant *(see, People v Dickerson,* 70 AD2d 623). Moreover, the statement was not, in any event, inconsistent with defendant's

testimony, despite his addition of the fact that he was seized as he was about to use the telephone, and that he was placed in a van after being taken to 2265 Morris Avenue *(see, People v Vega,* 169 AD2d 586, 587; *People v Carter,* 106 AD2d 654, 656).

We further note that, even had the statement been an inconsistent one, the prosecutor failed to lay a proper foundation for impeachment prior to questioning defendant, by alerting him as to the time, place, and substance of the prior statement *(People v Duncan,* 46 NY2d 74, 80-81, *cert denied* 442 US 910; *People v Bernal,* 162 AD2d 362, 363, *lv denied* 76 NY2d 984). Indeed, defendant was not even asked if, in fact, he had made the statement documented by his attorney *(see, People v Wise,* 46 NY2d 321, 326). Finally, upon defendant's denial that he made the inconsistent statement, the prosecutor was barred from introducing the document into evidence, as the purported inconsistency was on matters collateral to the material issues in the case, and extrinsic evidence may not be introduced to impeach on collateral facts solely for the purpose of determining credibility *(People v Pavao,* 59 NY2d 282, 288-289; *People v Cintron,* 173 AD2d 277, *lv denied* 78 NY2d 1074; *People v Hicks,* 102 AD2d 173, 182-183). This error was particularly egregious since defendant never denied making the statement, but simply said "No. I don't recall that" in response to the prosecutor's inquiry, "Do you recall telling [defense attorney] that?" *(See, People v Patterson,* 48 AD2d 933.)

■ Other errors in this record must be noted. It was improper for the prosecutor to have posed cross-examination questions that effectively forced defendant to impugn the credibility of a police officer *(People v Galloway,* 54 NY2d 396, 400; *People v Cintron,* 166 AD2d 218). Also, defendant should not have been asked to explain the discrepancy between his testimony and his attorney's opening statement, with respect to which officer had displayed him in front of a door with a peephole at the precinct. This improper questioning compelled defendant to state that his attorney had been mistaken, and thus cast doubt on counsel's competence before the jury *(see, People v Rivera,* 116 AD2d 371, 374).

For all of these reasons, we conclude that defendant is entitled to a new trial and, in light of this determination, we do not reach the remaining arguments on appeal.

Accordingly, the judgment, Supreme Court, Bronx County

(William Wallace, III, J.), rendered April 11, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7 to 14 years, is reversed, on the law, and a new trial ordered.

MURPHY, P. J., CARRO, KUPFERMAN and ASCH, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered April 11, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7 to 14 years, is reversed, on the law, and a new trial ordered.