(August 15, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SANCHEZ, Also Known as GILMORE SMITH, Appellant. [646 NYS2d 333] —Judgment, Supreme Court, New York County (Jerome Hornblass, J., at *Wade* and *Sandoval* hearings; Bruce Allen, J., at trial and sentence), rendered May 10, 1994, convicting defendant, after a jury trial, of three counts each of robbery in the first and second degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years on the first-degree convictions and 5 to 10 years on the second-degree convictions, unanimously affirmed. Judgments, Supreme Court, Bronx County (Frank Torres, J.), rendered August 8, 1994, convicting defendant, upon his pleas of guilty, of a total of five counts of robbery in the first degree in two separate indictments, and sentencing him to concurrent terms of 10 to 20 years to run concurrently with the 10 to 20 year sentence imposed in New York County, unanimously affirmed.

There is no merit to defendant's contention that the testimony presented at the *Wade* hearing, along with the photograph of the participants in the lineup, failed to satisfy the People's initial burden of demonstrating the reasonableness of the police conduct and the lack of any undue suggestiveness (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). The court also properly denied defendant's request to call additional police officers as defense witnesses, premised as it was on mere speculation that the other officers might have remembered that the other participants in the lineup had features distinguishable from defendant's (*supra*, at 339; *People v Peterkin*, 75 NY2d 985). There is no requirement that the other participants be "nearly identical in appearance"; they need only have a sufficient resemblance to each other to avoid

a "substantial likelihood that the defendant would be singled out for identification" (*People v Chipp, supra,* at 336).

By consenting to the lineup, which was attended by his counsel, defendant waived his present contention that it was conducted pursuant to an order that was granted without an adequate showing of probable cause. His attempt to revive the issue at the opening of the *Wade* hearing was belated, occurring at a time when any alleged deficiency of the application in support of the lineup order could no longer have been cured. Thus, the question is not preserved, and we decline to consider it in the interest of justice.

The trial court's *Sandoval* ruling was a proper exercise of discretion, as was its denial of defendant's challenge for cause to a prospective juror for partiality (CPL 270.20 [1] [b]; *see, People v Blyden,* 55 NY2d 73, 77).

Inasmuch as we find no error in the New York County conviction after trial, there is no basis to disturb the Bronx County convictions based on defendant's pleas of guilty. We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.