■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN MORRISON, Appellant. [663 NYS2d 841] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered on or about April 25, 1995, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent felony offender, to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

The prosecutor's summation comments constituted appropriate response to the defense summation and fair comment on the evidence, with no pattern of inflammatory remarks or egregious conduct on the part of the prosecutor that would warrant reversal (People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884).

Following a voir dire on the issue, the court appropriately exercised its discretion in granting the prosecutor's application that the complainant testify with the aid of an interpreter, in order to encourage clarity in the development of the proof (see, People v Wilson, 188 AD2d 405, lv denied 81 NY2d 849). We find no support in the record for defendant's current claim that various rulings by the court and/or instructions to the jury indicated bias against defendant.

The post-trial Wade hearing was an appropriate proceeding in the circumstances (see, People v Dixon, 85 NY2d 218, 225). Since there was no indication that the pretrial identification procedure was suggestive, the court properly denied defendant's application to call the complainant at the hearing (People v

*Chipp*, 75 NY2d 327, *cert denied* 498 US 833). The court also properly denied defendant's application to call the arresting officer's partner, since the request was based on mere speculation (*see, People v Sanchez*, 230 AD2d 634, *lv denied* 88 NY2d 1071). Further, defendant's motion to suppress identification testimony was properly denied following testimony at the *Wade* hearing that indicated no improper conduct on the part of the police, who arrested defendant after the complainant led the officers in the direction of the robber's flight and pointed out defendant without any prompting from the officers, a few blocks from the crime scene and shortly after the robbery (*see, People v Spruill*, 232 AD2d 278, *lv denied* 89 NY2d 946).

We perceive no abuse of discretion in sentencing.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.