■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS WALKER, Appellant. [739 NYS2d 819] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered June 10, 1999, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court's preclusion of certain questions that defendant sought to ask the police chemist on cross-examination and its denial of defendant's request for the production of additional

laboratory employees as defense witnesses were reasonable in that defendant made insufficient offers of proof as to the relevancy of these questions and witnesses (*see, People v Arroyo,* 77 NY2d 947), and these rulings could not have impaired defendant's defense or affected the verdict (*see, Delaware v Van Arsdall,* 475 US 673, 678-679). The record establishes that defendant abandoned his request for an independent analysis of the drugs (*see, People v Graves,* 85 NY2d 1024, 1027; *People v Rodriguez,* 50 NY2d 553). The court's colloquy with defendant prior to accepting his written jury waiver was sufficient, particularly since defendant acknowledged that, although he was appearing pro se, he had discussed the waiver with his standby legal advisor (*see, People v Dennis,* 210 AD2d 803, 804-805, *lv denied* 85 NY2d 937; *People v Watson,* 162 AD2d 360). Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.