■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASHAWN BROWN, Appellant. [758 NYS2d 24] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 10, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of 15 years to life and 1 to 3 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. An officer observed defendant, in a drug-prone neighborhood, converse with the codefendant, and then saw the codefendant leave the area only to return a few minutes later with a package, which he handed to defendant in exchange for a wad of cash. Based on the officer's experience with the packaging of drugs in the area, he reasonably believed it likely that the package contained narcotics and therefore had probable cause to arrest defendant (*see People v Jones*, 90 NY2d 835 [1997]). The arrest of defendant by a fellow officer, based upon communication received from the observing officer, was therefore lawful (*see People v Ketcham*, 93 NY2d 416 [1999]).

Defendant was not denied the effective assistance of counsel at the suppression hearing. Since there is no reason to believe that the suppression motion possessed any likelihood of success, counsel's failure to perform additional research or to submit a memorandum of law did not render the representation afforded defendant on the motion ineffective (*see People v Massillon*, 289 AD2d 103 [2001], *lv denied* 97 NY2d 731 [2002]; *People v Brown*, 284 AD2d 191 [2001], *lv denied* 96 NY2d 916 [2001]; *People v Hamilton*, 262 AD2d 34 [1999], *lv denied* 94 NY2d 823 [1999]).

The court properly ruled that defendant's pedigree statement was admissible (*see People v Rodney*, 85 NY2d 289 [1995]; *People v Rodriquez*, 39 NY2d 976 [1976]), and defendant was not prejudiced by the timing of the court's ruling. The court properly denied defendant's request to recall a police witness since defendant made no offer of proof as to the relevance of

the witness's prospective testimony (*see People v Walker*, 293 AD2d 319, 319-320 [2002], *lv denied* 98 NY2d 703 [2002]; *People v Hector*, 248 AD2d 184 [1998], *lv denied* 92 NY2d 898 [1998]).

The court's *Sandoval* ruling, permitting the prosecution to inquire about defendant's two felony convictions and two misdemeanor convictions without eliciting the nature and underlying facts of the convictions and precluding inquiry of defendant's use of an alias, balanced the appropriate factors and was a proper exercise of discretion (*see People v Walker*, 83 NY2d 455, 458-460 [1994]). Defendant's seven-year-old conviction was not excessively remote to have bearing upon defendant's credibility (*see id.* at 458-459; *People v Flowers*, 283 AD2d 362 [2001], *lv denied* 96 NY2d 939 [2001]).

The imposition of the mandatory minimum sentence upon defendant did not constitute cruel and inhuman punishment (*see People v Thompson*, 83 NY2d 477 [1994]), particularly in light of his prior felony convictions for drug offenses (*see People v Brock*, 293 AD2d 294 [2002], *lv denied* 99 NY2d 556 [2002]). Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.