■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VERDEL, Appellant. [804 NYS2d 294]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered January 16, 2003, convicting defendant of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion when it denied defendant's request for an adjournment of the suppression hearing to give counsel time to review material provided by the prosecution prior to the hearing (*see e.g. People v Jones*, 299 AD2d 162 [2002]). Only a small portion of this material related to the hearing, and this portion could easily have been read prior to the hearing, or in the time the court was prepared to give. We note that counsel was already familiar with defendant's grand jury testimony, and his request for a delay to read the minutes of that testimony and discuss it with his client was unjustified.

After his request for an adjournment was denied, counsel refused to cross-examine the People's witness, or to make any arguments for suppression other than those contained in his omnibus motion. Although we find this conduct to be inappropriate, it appears to have been a strategic decision, seeking to create delay or establish an appellate issue, or made simply in recognition that cross-examination or further argument would have been fruitless (*see People v Aiken*, 45 NY2d 394, 400 [1978]). In any event, on this record, we find no viable argument for suppression, as the police clearly had a reasonable suspicion that defendant was, at least, committing the crime of criminal mischief. Even if the police only had a right to inquire, that escalated to reasonable suspicion when, upon being approached and recognizing the officers, defendant immediately covered his waist area with an umbrella (*see People v Corbett*, 258 AD2d 254 [1999], *lv denied* 93 NY2d 898 [1999]; *People v Flores*, 226 AD2d 181 [1996], *lv denied* 88 NY2d 985 [1996]). We have considered and rejected defendant's remaining appellate claims concerning the viability of a suppression issue. Thus, counsel's behavior at the hearing, even if without any legitimate strategic purpose, did not prejudice defendant's defense or deprive him of a fair trial (*see People v Caban*, 5 NY3d 143 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]). Accordingly, defendant received effective assistance under the state and federal standards.

The court also properly denied defendant's request for an adjournment "to a day certain" to try to procure the presence of a police witness who had been out sick, and whom the People had been unable to produce. Defendant failed to demonstrate that the witness was either material or that he could be produced within the time requested (*see People v Foy*, 32 NY2d 473, 476 [1973]). Nor did the court err when it denied defendant's request to admit the officer's grand jury testimony. This testimony was not exculpatory or even inconsistent with that of

the testifying officer, and it would have been merely cumulative (*see People v Fayton*, 4 AD3d 143 [2004], *lv denied* 2 NY3d 799 [2004]; *People v Stokes*, 305 AD2d 227 [2003], *lv denied* 1 NY3d 581 [2003]).

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.