■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEREL OVERTON, Appellant. [808 NYS2d 65]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J., at hearing; Patricia Anne Williams, J., at jury trial and sentence), rendered April 29, 2003, convicting defendant of murder in the second degree, and sentencing him to a term of 22½ years to life, unanimously affirmed.

The trial court properly exercised its discretion in denying defense counsel's request for a recess to confer with defendant prior to his testimony. During the trial, defense counsel had already received ample opportunity to confer with defendant, and the court had warned counsel to have defendant ready to testify without any further delay (see e.g. People v Verdel, 22 AD3d 324 [2005]; People v Jones, 299 AD2d 162 [2002], lv denied 99 NY2d 583 [2003]; compare People v Spears, 64 NY2d 698, 700 [1984]). The court's ruling did not cause defendant any prejudice or deprive him of his right to counsel.

Defendant "has failed to meet his burden of coming forward with substantial evidence establishing his absence" (People v Foster, 1 NY3d 44, 48 [2003]) from a portion of the suppression hearing. Notwithstanding the failure of the court reporter to specifically note defendant's presence, the record as a whole, including the court's statement that it was "getting additional officers so we can have all three defendants present for additional testimony," and evidence that the codefendant was present during such testimony although his presence was not specifically mentioned by the court reporter, indicates that defendant was present as well (see People v Valentine, 7 AD3d 275 [2004], lv denied 3 NY3d 682 [2004].

Defendant's claim of ineffectiveness of counsel is unreviewable on direct appeal since it involves matters outside the record concerning counsel's strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Each of the actions of counsel that defendant challenges on appeal had a plausible strategic explanation (*see e.g. People v Baher*, 308 AD2d 365 [2003], *lv denied* 2 NY3d 737 [2004]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.