■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMITH, Appellant. [831 NYS2d 128]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered March 31, 2006, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for an opportunity to call the arresting officer's partner at the suppression hearing, since it was based on mere speculation, derived from defendant's hearing testimony, which the hearing court properly found incredible, that the partner officer might provide material, noncumulative evidence (*see People v Wearing*, 246 AD2d 404, 405 [1998], *lv denied* 91 NY2d 946 [1998]; *People v Morrison*, 244 AD2d 168, 169 [1997], *lv denied* 91 NY2d 895 [1998]; *People v Bailey*, 179 AD2d 662 [1992], *lv denied* 79 NY2d 997 [1992]). In the circumstances of the case, the fact that defendant's hearing testimony contradicted that of the arresting officer did not require the court to permit defendant to call the partner as a "tiebreaker," as defendant puts it. The arresting officer provided credible and unimpeached testimony that his partner was absent, and at a different location, throughout the incident, and defendant, who had received various documents as *Rosario* material, cited nothing to the contrary therein. Moreover, even under defendant's version of the incident, the events most germane to the search and seizure issue did not involve the partner, who, according to defendant, was on the other side of a very wide street at the time.

Since defendant did nothing to alert the court that his arguments were grounded in the Sixth Amendment Compulsory Process Clause, as distinct from state law, he did not preserve his present constitutional argument (*see e.g. People v Angelo*, 88 NY2d 217, 222 [1996]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Chipp*, 75 NY2d 327, 336-337 [1990], *cert denied* 498 US 833 [1990]). Regardless of the extent to which the right of compulsory process applies to suppression hearings, we find that the court did not violate such right in the circumstances of this case. Concur—Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.