THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT RAOSTO, Appellant. [856 NYS2d 86]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 20, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 7 to 14 years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. Appeal from order, same court and Justice, entered on or about September 20, 2007, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously dismissed as academic in light of the foregoing.

"[T]he Trial Justice unduly injected himself into the proceeding to such an extent as to deny defendant a fair and impartial trial." (*People v Ellis*, 62 AD2d 469, 470 [1978].) In particular, the court conducted lengthy and inappropriate cross-examinations of defendant and defense witnesses, which were neither neutral nor aimed at clarification, but disrupted the flow of testimony and plainly conveyed to the jury the court's disbelief of these witnesses.

In addition, the prosecutor's cross-examination of defendant contained several prejudicial errors. The prosecutor improperly impeached defendant regarding his postarrest failure to report to law enforcement his belief that he was being framed by the arresting officer (*People v De George*, 73 NY2d 614 [1989]), elicited statements by defendant that should have been disclosed pursuant to CPL 240.20 (1) (a) and impeached defendant with averments by former counsel in motion papers even though these statements were not fairly attributable to defendant, either directly or by inference (*see People v Jones*, 190 AD2d 31 [1993]).

Moreover, the trial record, taken together with testimony elicited at a hearing on defendant's CPL 330.30 motion to set aside the verdict and the submissions made on his CPL 440.10 motion, establishes that defendant was also deprived of a fair trial by the ineffective assistance provided by his counsel. This is the unusual case where trial counsel's overall performance can be said to be prejudicially unsatisfactory (*see People v Droz*, 39 NY2d 457 [1976]). Defense counsel displayed general carelessness and inattention throughout the trial. Among other things, his opening statement contradicted the ultimate testimony of his own witnesses, he appeared to be confused about the time of the arrest and mishandled an important opportunity to impeach the arresting officer, and he elicited inaccurate and highly prejudicial information about his client's prior record. In addition, counsel did not object to any of the above-described improper questioning by the court and prosecutor. The record reveals no possible strategic explanations for any of counsel's errors and omissions. Finally, there is very substantial evidence that defendant's attorney, who was convicted of a drug felony shortly after defendant's trial (*see Matter of Bloomberg*, 45 AD3d 63 [2007]), was under the influence of heroin throughout the proceedings.

None of the errors by the court, the prosecutor or defense counsel was harmless, and we reject the People's arguments to the contrary. The evidence was legally sufficient but far from overwhelming. This case presented a close question of cred-

ibility to be resolved by the jury, in which a major issue was whether the arresting officer (the People's only fact witness) had a bias against defendant arising out of a series of prior encounters. Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.