■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON NUCULLI, Appellant. [856 NYS2d 611]—

Judgment, Supreme Court, New York County (Carol Berk-

man, J.), rendered February 16, 2006, convicting defendant, after a jury trial, of two counts of sexual abuse in the first degree, and sentencing him to concurrent terms of two years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

To the extent that the court may be deemed to have made an anticipatory ruling denying defendant a midtrial adjournment of indefinite length for the purpose of calling, as a defense witness, a police officer apparently incapacitated by illness, that ruling was a proper exercise of discretion (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *People v Foy*, 32 NY2d 473, 477-478 [1973]). Defendant wanted to call the officer to elicit an alleged prior inconsistent statement by the victim contained in the officer's complaint report. However, the alleged inconsistency would have been inadmissible because defendant never confronted the victim with the statement or sought to do so (*see People v Wise*, 46 NY2d 321, 326 [1978]). Moreover, the record establishes that, if called, the officer would have testified that the victim never actually made the alleged inconsistent statement (which was, instead, the product of a clerical error). Since the report was neither signed nor sworn, CPL 60.35 (1) would have prevented defendant from using it to impeach his own witness. In addition, the court suggested a stipulation that would have addressed the purported inconsistency in a manner that was fair to both the prosecution and defense, but defendant rejected that offer. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Lippman, P.J., Gonzalez, Moskowitz and Acosta, JJ.