■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN RILEY, Appellant. [869 NYS2d 490]—

The court properly exercised its discretion when it declined to grant a six-day adjournment, in the midst of a relatively short trial, so that defendant could call a police officer to whom the

victim had given a statement containing a purported inconsistency (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *People v Foy*, 32 NY2d 473, 476 [1973]). Defense counsel, who made it clear to the jury that he was reading from a District Attorney writeup, extensively cross-examined the victim about the statement, and she denied making it. Furthermore, the uncalled officer's testimony at a pretrial hearing demonstrated that, if called at trial, he would have testified that the victim never made the purported inconsistent statement. In that event, CPL 60.35 (1) would have prevented defendant from using the writeup to impeach his own witness, since the officer neither signed it nor swore to it (*see People v Nuculli*, 51 AD3d 408 [2008], *lv denied* 10 NY3d 938 [2008]). Moreover, a party who is cross-examining a witness cannot call other witnesses to contradict the witness' answers concerning collateral matters solely for the purpose of impeaching the witness' credibility (*People v Pavao*, 59 NY2d 282, 288-289 [1983]). Finally, the inconsistency was relatively insignificant in the context of the case, and there is no reasonable possibility that testimony from the uncalled officer would have changed the outcome. Similarly, since there is no indication that the officer could have provided any material, noncumulative testimony, the court properly denied defendant's request for a missing witness instruction (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

While defendant complains on appeal about several interchanges between the court and trial counsel, the only issue that defendant has even arguably preserved is a claim that the court interfered with his cross-examination of a witness. However, the court's participation was very brief and inconsequential (*compare People v Raosto*, 50 AD3d 508, 509 [2008]). Defendant's other claims about the court's conduct are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the court's remarks directed to defense counsel were not prejudicial.

At the close of the People's case, the court provided a suitable opportunity for a conference between defense counsel and defendant about whether defendant would testify on his own behalf, and it properly exercised its discretion in declining to excuse the jury during the conference. Counsel never asked for any particular amount of time to confer, or suggested he was being rushed. Counsel merely asked for an opportunity to confer in private, but he was able to converse with his client out of earshot of the jury, and there is no indication in the record that this procedure was unsatisfactory. Furthermore, counsel had already received ample opportunity during the trial to confer with

defendant (*see e.g. People v Overton*, 25 AD3d 432 [2006], *lv denied* 6 NY3d 851 [2006]).

The constitutional aspects of each of the above-discussed claims are unpreserved (*see e.g. People v Lane*, 7 NY3d 888, 889 [2006]; *People v Green*, 27 AD3d 231, 233 [2006], *lv denied* 6 NY3d 894 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.