■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCEL FOWLER, Appellant. [876 NYS2d 498]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 3, 2007, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Aloise, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's request to call a witness at the suppression hearing. The right to call witnesses at a criminal proceeding is not absolute (*see People v Chipp*, 75 NY2d 327, 336-337 [1990]), and the defendant's request was not supported by a "bona fide factual predicate" (*People v Witherspoon*, 66 NY2d 973, 974 [1985]) demonstrating that the witness might provide material, noncumulative evidence (*see People v Smith*, 37 AD3d 302, 303 [2007]; *People v Bailey*, 179 AD2d 662 [1992]; *People v Hucks*, 175 AD2d 213, 214 [1991]).

The Supreme Court also providently exercised its discretion in precluding the defendant from calling a witness at trial to present evidence of the weather conditions on the night of the incident that led to his arrest, since the only purpose of such evidence at trial would have been to impeach the credibility of the People's witnesses on a collateral matter (*see People v Alvino*, 71 NY2d 233, 247-248 [1987]; *People v Olivares*, 34 AD3d 602 [2006]; *People v Alexander*, 16 AD3d 515, 515-516 [2005]).

The defendant failed to preserve for appellate review his contention that the People did not prove, by legally sufficient evidence, that he knowingly possessed a loaded firearm (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the

prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of both criminal possession of a weapon in the second and third degrees beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.