■ The People of the State of New York, Respondent, v George Melendez, Appellant. [915 NYS2d 544]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered July 15, 2008, convicting defendant, after a jury

trial, of murder in the first degree, and sentencing him to a term of life without parole, unanimously affirmed.

There was sufficient nonaccomplice testimony to satisfy the accomplice corroboration requirement (*see* CPL 60.22 [1]). Initially, we note that the People's main witness was an accomplice as a matter of law, and that both sides agree that a second witness whose accomplice status was submitted to the jury as a factual issue should be treated as an accomplice for purposes of this appeal. The main witness's description of the crime and the disposal of the victim's body was corroborated in exhaustive detail by forensic and other independent evidence, even though this evidence did not specifically point to defendant. In addition, there was very strong consciousness-of-guilt evidence, consisting of defendant's participation in a plot to, among other things, suborn perjury. Although the consciousness-of-guilt evidence standing alone does not satisfy the corroboration requirement, when that evidence is coupled with the extensive corroboration regarding details of the crime and its aftermath, the totality of the proof "give[s] strong reason to believe that [the main witness's] description of events was very largely true. It is possible, of course, that [the main witness] told the truth about every other detail, and lied about defendant's involvement; but, on this record, it was for the jury to decide what weight to give that possibility" (*People v Reome*, 15 NY3d 188, 195 [2010]). Likewise, in the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Concur— Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.