■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYROY PETERKIN, Appellant. [939 NYS2d 459]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered November 17, 2009, as amended January 12 and 13, 2010, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of nine years, unanimously affirmed.

The court properly declined to suppress lineup and in-court identifications. As the People conceded and the court correctly concluded, the photographic identification procedure was unduly suggestive. However, it was still sufficiently reliable to provide probable cause for defendant's arrest, particularly since the victim saw defendant entering a building, and police records showed that building to be defendant's residence.

The lineup identification was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]), and it was attenuated from the improper photographic procedure. In any event, any error in receiving evidence of the lineup at trial was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Regardless of the suggestiveness of the photo or lineup identifications, the record supports the hearing court's finding that the victim's in-court identification of defendant was based on an independent source (*see Neil v Biggers*, 409 US 188, 199-200 [1972]; *People v Williams*, 222 AD2d 149 [1996], *lv denied* 88 NY2d 1072 [1996]). The victim had an extensive opportunity to view defendant, both during and immediately after the crime.

Defendant has not established any basis for suppression of the pedigree information he provided to the police. This was the only statement by defendant that was admitted at trial.

The court properly exercised its discretion in denying defendant's application to have the victim testify at trial with the aid of an interpreter (*cf. People v Morrison*, 244 AD2d 168 [1997], *lv denied* 91 NY2d 895 [1998]). The court had already heard the victim testify in English at the suppression hearing, and it properly concluded that no interpreter was required. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.