◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE PIERRE, Appellant. [36 NYS3d 400]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delligatti, J.), rendered September 12, 2014, convicting him of rape in the second degree (eight counts) and criminal sexual act in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Brown*, 122 AD3d 133 [2014]) and, thus, does not preclude review of his contentions.

We reject the defendant's contention that there was no probable cause for his arrest because the police did not substantiate the victim's age. The police were entitled to rely on the victim's unrebutted statement to them that she was 14 years old (*see Matter of Culligan's Pub v New York State Liq. Auth.*, 170 AD2d 506 [1991]).

Furthermore, there is no merit to the defendant's contention that his statement to the police should have been suppressed on the ground that part of it was fabricated by the police (*People v Washington*, 51 NY2d 214, 221-222 [1980]). Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.