People v El-Amin (2020 NY Slip Op 06215)





People v El-Amin


2020 NY Slip Op 06215


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Ind No. 2295/15 2295/15 Appeal No. 12236&[M-3064] Case No. 2019-626 

[*1]The People of the State of New York, Respondent,
v
Bayna-Lekheim El-Amin, Defendant-Appellant. ACLU, Muslim Alliance for Sexual and Gender Diversity, GLBTQ Advocates and Defenders, Black and Pink, and National Center for Lesbian Rights, Amici Curiae.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Bayna-Lehkiem El-Amin, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.
Rose Saxe, New York (Z. Gabriel Arkles of counsel), for amici curiae.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered September 15, 2016, convicting defendant, after a jury trial, of two counts of attempted assault in the first degree and two counts of assault in the second degree, and sentencing him to an aggregate term of nine years, unanimously affirmed.
The court properly exercised its discretion in denying counsel's request for an adjournment over a weekend for defendant to decide whether or not he wanted to testify. The court had warned the previous day that the defense had to be ready to proceed the next day if they intended to present a defense case, and it gave the parties an extended lunch break to allow counsel and defendant to have a conversation about defendant testifying. When defendant asked for more time to confer with counsel, the court granted a recess for a half hour for that purpose. Although a prospective defense witness refused to appear, the court had made it clear that defendant should be prepared to testify if he wished to do so, and defendant had multiple opportunities to consult with counsel about his decision. Accordingly, the court was justified in denying counsel's request, to avoid any further delay of the trial (see e.g. People v Overton, 25 AD3d 432 [1st Dept 2006], lv denied 6 NY3d 851 [2006]).
The court providently exercised its discretion in precluding cross-examination of a detective regarding allegations in a federal lawsuit. The detective was one of four detectives named in the action, and defendant did not identify specific allegations of wrongdoing by the detective that were relevant to his credibility (see People v Rouse, 34 NY3d 269, 276 [2019]; People v Smith, 27 NY3d 652, 662 [2016]). Nothing in the civil complaint specified whether the detective participated in the events giving rise to the lawsuit, either personally or while responsible for the acts of others, or even whether he was actually present and able to see and hear those events. Furthermore, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]), particularly because the detective played only a minor role in the case against defendant.
Defendant did not preserve his challenges to the prosecutor's summation and the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We have considered and rejected defendant's pro se claims.
We perceive no basis for reducing the sentence.
M-3064 People v Bayna-Lekheim El-Amin
Motion by the American Civil Liberties Union, et. al. to
file amicus curiae brief granted, and the brief deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020