People v Leibert (2024 NY Slip Op 03233)

People v Leibert

2024 NY Slip Op 03233

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Ind. No. 4512/13 Appeal No. 2498-2498A Case No. 2017-2251, 2023-00179 

[*1]The People of the State of New York, Respondent,
v
Pernell Leibert, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered November 2, 2015, convicting defendant, after a jury trial, of attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 22 years to life on the attempted assault and each of the second-degree weapon possession counts, and, as a second felony offender, to a term of 3½ to 7 years on the third-degree weapon possession and reckless endangerment counts, all to run concurrently, for an aggregate term of 22 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences on the attempted assault and both second-degree weapon possession counts to 20 years to life, resulting in a new aggregate term of 20 years to life, and otherwise affirmed. Order, same court (Althea Drysdale, J.), entered on or about September 1, 2022, which denied defendant's CPL 440.20 motion to set aside his persistent violent felony offender adjudication and resulting sentence, and for resentencing as a second violent felony offender, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The jury could reasonably conclude from the various eyewitnesses' testimony that defendant was the individual among the group of men running down street who shot the gun. The eyewitnesses all consistently testified that they saw defendant holding a dark object in his hand, with his arm extended, at the time the shots rang out. The minor inconsistencies in the eyewitness accounts are not dispositive. The jury was entitled to reject defendant's testimony that he did not have a gun, that he was merely chasing after the other men to take a photo of them with his cellphone after they robbed him, and that one of them shot at him. The surveillance video of the incident does not support defendant's claim of an alternative shooter.
The court providently exercised its discretion in admitting the portions of telephone calls made by defendant from Rikers Island as consciousness of guilt evidence (see People v Bennett, 79 NY2d 464, 469-470 [1992]). The calls, in which defendant sought to locate witnesses to testify before the grand jury that he was not the shooter and that he was in fact being shot at, evinces an intent to suborn perjury (see People v Melendez, 80 AD3d 534, 535 [1st Dept 2011], lv denied 16 NY3d 897 [2011]).
Nor did the court err in permitting a detective to testify, on rebuttal, to a prior inconsistent statement by defendant that he had a gun for the purpose of impeaching defendant's credibility. The court had determined, after a pretrial hearing, that defendant's inculpatory [*2]statement was voluntary, and "any dispute as to whether [] defendant made the statement is a factual matter for the jury to decide" (People v Washington, 51 NY2d 214, 221-222 [1980]; see also People v Pierre, 142 AD3d 566, 567 [2d Dept 2016], lv denied 28 NY3d 1074 [2016]). The court properly denied defendant's request during the hearing to subpoena additional witnesses to provide testimony to impeach the detective's credibility, as such testimony was immaterial to the issue of the voluntariness of defendant's statement (see People v Verdel, 22 AD3d 324, 325 [1st Dept 2005], lv denied 6 NY3d 819 [2006]; People v Brown, 304 AD2d 321, 321-322 [1st Dept 2003], lv denied 100 NY2d 536 [2003]). Defendant did not preserve the constitutional aspect of his claim, as he did not "alert the court that his arguments were grounded in the Sixth Amendment Compulsory Process Clause" (People v Smith, 37 AD3d 302, 303 [1st Dept 2007], lv denied 8 NY3d 990 [2007]).
The court properly denied defendant's CPL 440.20 motion to set aside his persistent violent felony offender adjudication, which he claims was based on an unconstitutionally obtained predicate felony conviction. Defendant's allocution to the predicate conviction of burglary in the second degree was sufficient, and his guilty plea to that offense was knowing, intelligent, and voluntary. The plea was a repleader entered into as part of an agreement in which defendant originally pled guilty to attempted murder in the second degree. Because defendant "enter[ed] a negotiated plea to a lesser crime than one with which he is charged, no factual basis for the plea is required" (People v Johnson, 23 NY3d 973, 975 [2014]; see also People v Goldstein, 12 NY3d 295, 300-301 [2009]).
We find defendant's sentence excessive to extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024