People v Lopez (2024 NY Slip Op 51424(U))

[*1]

People v Lopez (Placido)

2024 NY Slip Op 51424(U)

Decided on October 18, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570465/19

The People of the State of New York, Respondent,
against
Placido Lopez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Michael John Hartofilis, J.), rendered June 20, 2019, after a jury trial, convicting him of aggravated driving while intoxicated and reckless driving, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael John Hartofilis, J.), rendered June 20, 2019, affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence established that defendant drove his vehicle at a high rate of speed, the wrong way down a one-way street, at night, without headlights illuminated, while exhibiting visible signs of intoxication; he admitted that he had been drinking; and his blood alcohol (BAC) test result was an "insufficient sample" reading of .186.
The court providently exercised its discretion in limiting defendant's cross-examination of the arresting officer on prior allegations of misconduct asserted against him in an unrelated lawsuit. The officer was one of several officers named in that action and defendant had not identified specific allegations of wrongdoing by him that were relevant to his credibility (see People v Smith, 27 NY3d 652 [2016]; People v El-Amin, 187 AD3d 676 [2020], lv denied 36 NY3d 1056 [2021]). Nor did defendant identify specific allegations regarding a disciplinary violation, for personal use of the police department computer system, relevant to the credibility of the officer who administered the breathalyzer test at the precinct (see People v Williams, 184 AD3d 442 [2020], lv denied 36 NY3d 932 [2020]). In any event, any error was harmless. The evidence of defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted defendant had he been permitted to cross-examine the officers without limitation (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 18, 2024